NEW BEDFORD AND FAIRHAVEN STREET RAILWAY COMPANY *vs.* ACUSHNET STREET RAILWAY COMPANY.

Bristol.   Oct. 28, 1886. — Jan. 5, 1887.   DEVENS & W. ALLEN, JJ., absent.

The St. of 1872, *c.* 11, § 1, incorporated a street railway company within a certain city and town, " subject to all the duties, restrictions, and liabilities set forth in all general laws which now are or may hereafter be in force applicable to street railway corporations; provided, however, that said city or town is hereby authorized and empowered to contract with said railway corporation concerning the construction, maintenance, and operation of said railway, upon such terms as it may agree with said railway corporation, any laws now existing to the contrary notwithstanding." *Held,* that the statute did not authorize a contract by the city excluding the use of the tracks of the corporation by another

corporation under the provisions of the St. of 1874, *c.* 29, § 12 (Pub. Sts. *c.* 113, § 48).

The tracks of a street railway corporation extended through a city into an adjoining town. The city granted a license to another corporation to enter upon and use a portion of said tracks lying wholly within the limits of the city. *Held,* that, under the Pub. Sts. *c.* 113, § 49, no application to the selectmen of the town for permission to use such portion of said tracks was necessary.

BILL IN EQUITY, filed July 12, 1886, to restrain the defendant corporation from entering upon and using the tracks of the plaintiff corporation upon a portion of Williams Street in New Bedford. The case was heard by *Devens,* J., and reserved for the consideration of the full court. The facts material to the points decided appear in the opinion.

*C. W. Clifford,* (*H. H. Crapo* with him,) for the plaintiff.

*H. M. Knowlton & G. F. Tucker,* (*A. E. Perry* with them,) for the defendant.

HOLMES, J.    1. The first question in this case is whether a contract of the city of New Bedford, giving the plaintiff the exclusive right to the use of its tracks for a term of years, would override the subsequent general law of 1874, *c.* 29, § 12, embodied in the Pub. Sts. *c.* 113, § 48, under which the defendant justifies. If such a contract would not have that effect, we need not consider whether the contract actually made purports to grant such an exclusive right. The plaintiff contends that the proviso in its charter authorizes such a contract, and makes it paramount to all general laws. The proviso is as follows: " That said city [of New Bedford] or town [of Fairhaven] is hereby authorized and empowered to contract with said railway corporation concerning the construction, maintenance, and operation of said railway, upon such terms as it may agree with said railway corporation, any laws now existing to the contrary notwithstanding." St. 1872, *c.* 11, § 1.

Taking this language apart from the restrictions in the same section to which we shall refer in a moment, we should have great difficulty in saying that it authorized the contract supposed. The word which must be relied on is " operation," as " construction " and " maintenance " clearly do not go far enough. See *Jersey City & Bergen Railroad* v. *Jersey City & Hoboken Horse Railroad,* 5 C. E. Green, 61, 77. But in a legislative grant of this nature we should be disposed to think that authority to

contract concerning the operation of a road, which may be operated none the less that its tracks are used by another company, did not extend to a contract excluding use by another road, previously or subsequently authorized by the Legislature.

Again, when we take into account the words just preceding the proviso, namely, "subject to all the duties, restrictions, and liabilities set forth in all general laws which now are or may hereafter be in force applicable to street railway corporations," we are inclined to assent to the defendant's argument that the last words of the proviso, "any laws now existing to the contrary notwithstanding," are to be read as referring simply to laws limiting the authority of the city, and certainly are not to be construed to mean that any general laws to which the company has just been declared subject may be overridden by contract.

But, in any possible view, the dispensation only extends to "laws now existing," and the subjection of the company to future general laws remains untouched. For the words, "any laws now existing to the contrary notwithstanding," cannot be taken to include the charter itself, and to mean, "notwithstanding the provision in this charter that the corporation shall be subject to all the duties and liabilities set forth in all general laws hereafter to be passed." If this is not their meaning, then, whether the contract was valid or not when made, and whatever its scope, the corporation by making it could not exempt itself from the operation of general laws passed subsequently; and the Pub. Sts. c. 113, § 48, gave the power to the board of aldermen of New Bedford to authorize the defendant to use the plaintiff corporation's tracks.

2. The defendant justifies under a license from the mayor and aldermen of New Bedford alone, and the portion of the plaintiff's track which the defendant is authorized to enter upon and use lies wholly in New Bedford. Another portion of its track, however, extends into Fairhaven; and the plaintiff suggests that the license is void, because there has been no application to or action by the selectmen of Fairhaven. The point is not much pressed. We are of opinion that the Pub. Sts. c. 113, § 49, making provision for a disagreement between two cities or towns, "if the track of either company is in two or more cities or towns,"

does not require concurrent action when all the track of the petitioning company and all the track of the other company sought to be used are in the same city. So far as the latter company is concerned, the track sought to be used must be what is meant by the word "track." *Bill dismissed.*